**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JAY BEANE,

Defendant.

No. CR08-4028-LTS

**ORDER**

---

This case is before me on defendant Jay Beane's motion (Doc. 103) pursuant to § 404 of the First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. The Government resists (Doc. 105).

## *I. BACKGROUND*

The FSA became law on December 21, 2018, and, relevant to this case, made the "Fair Sentencing Act of 2010" retroactive. Section 404 provides that a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." FSA § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B). The FSA defines a "covered offense" as any crime that had its penalties modified by §§ 2 or 3 of the Fair Sentencing Act of 2010. FSA § 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for certain violations of 21 U.S.C. § 841(b) related to cocaine, effectively reducing the penalty applicable to a qualifying defendant. *See also United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).

On May 6, 2019, Beane filed a pro se motion (Doc. 83) pursuant to § 404. In the months following, he filed several supplements (Docs. 85, 86, 88), a motion to appoint counsel (Doc. 84) and a motion for compassionate release (Doc. 87). On May 17, 2021,

I entered an order (Doc. 96) granting the motion to appoint counsel and appointing the Federal Public Defender to represent Beane. I directed appointed counsel to review Beane's potential eligibility for relief pursuant to the FSA and file an amended motion if appropriate.

On June 28, 2021, Beane filed an amended motion (Doc. 103) to reduce his sentence pursuant to the FSA. The Government filed a response (Doc. 105) and Beane filed a reply (Doc. 106). Beane has also filed a supplemental brief (Doc. 113) in support of his motion to reduce his sentence pursuant to the FSA. In its response, the Government acknowledges that Beane is eligible for FSA relief but argues that I should exercise my discretion to deny relief.

## *II. ORIGINAL SENTENCE*

On March 26, 2008, Beane was indicted on two counts related to the distribution of crack cocaine. Doc. 2. Count 1 alleged conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 851, while Count 2 alleged possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851. The indictment alleged that Beane was subject to increased penalties on both counts due to his 2001 Illinois conviction for possessing crack cocaine with intent to deliver (the Possession with Intent Conviction). *Id.* at 1-2.

Beane was convicted of both counts by a jury. Doc. 31. The jury found Beane responsible for 50 grams or more of crack cocaine mixture on Count 1 and 5 grams or more of crack cocaine mixture on Count 2. *Id.* at 2. The presentence investigation report (PSIR) found that Beane was responsible for 806.43 grams of crack cocaine. PSIR, Doc. 49 at 8 ¶ 21. This equated to a base offense level of 34 under USSG § 2D1.1(c)(3). *Id.* at 9 ¶ 27. The PSIR also recommended a three-level role enhancement, resulting in a total level of 37, With a criminal history category IV (based on nine criminal history

points), the guideline range would have been 292 to 365 months. *Id.* at 9 ¶ 28, 14 ¶¶ 44-46. However, Beane was found to be a career offender based on two prior felony convictions, one for possessing crack cocaine with intent to deliver (PSIR ¶ 41) and the other for armed robbery (PSIR ¶ 42). *Id.* at 10-11 ¶ 36. Beane's total offense level remained 37, but the career offender enhancement increased his criminal history category to VI, resulting in a guideline range of 360 months to life. *Id.* at 11 ¶ 37.

On November 7, 2008, the court sentenced Beane to 300 months' incarceration and ten years of supervised release on both counts, to run concurrently. Doc. 57. The court later denied sentence reductions pursuant to retroactive USSG amendments because Beane was sentenced as a career offender. Docs. 77, 79. As of the filing of this order, Beane is 41 years old, has served over 191 months of his sentence and has an anticipated release date of October 18, 2029.

## *III. FSA ANALYSIS*

### *A. Beane's Eligibility*

As noted above, the FSA allows a court to reduce a defendant's sentence for a "covered offense" as if the Fair Sentencing Act had been in effect at the time of the original offense. An offense is covered if its penalties were altered by §§ 2 or 3 of the Fair Sentencing Act of 2010. The parties agree that Beane is eligible for relief because he was convicted of a crack cocaine offense before 2010 and his statutory sentencing range would have changed had the Fair Sentencing Act been in effect at the time of the charged offense. Under the Fair Sentencing Act, with the § 851 enhancement factored in, Beane's statutory incarceration range on Count 1 would be ten years to life, followed by a supervised release term of eight years to life.[1] On Count 2, Beane's statutory

[1] The United States Probation Office for the Northern District of Iowa has prepared a memo calculating Beane's amended statutory and guideline ranges, considering the Fair Sentencing Act

incarceration range would be 0 to 30 years, followed by a supervised release term of six years to life. Thus, had Beane been sentenced under the Fair Sentencing Act, he could have received a lower sentence. Because Beane committed a covered offense, he is eligible for relief pursuant to § 404 of the FSA.

### *B. The Amended Guideline Range*

Once a court has determined that a defendant is eligible for relief pursuant to § 404, the next question is whether the court should exercise its discretion to grant relief. *McDonald*, 944 F.3d at 772. The court is permitted to "consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion vs. United States,* 597 U.S. 481, 500 (2022). This includes the consideration of post-sentencing rehabilitation and nonretroactive Guidelines amendments. *Id.* at 498-500. Finally, the First Step Act requires that the court "demonstrate[s] that it has considered the arguments before it." *Id.* at 502.

The first step in determining whether to grant a reduction is to calculate the defendant's amended USSG range. Because Beane was sentenced as a career offender, he remains a total offense level 37 and a criminal history category VI under the Fair Sentencing Act. As such, his USSG range remains 360 years to life.

### *C. Reduction*

Beane argues that he should receive a substantial sentence reduction, specifically to a sentence of time served. Neither the FSA nor the Federal Rules of Criminal Procedure require a hearing, nor the defendant's presence at such a hearing. *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). As I have previously stated:

---

and the applicable changes to the Guidelines. That memo will be filed contemporaneously with this order.

> I will not make a new determination of each defendant's career offender status based on the law as it exists today. Rather, as noted above, once I determine that a defendant is eligible for an FSA reduction, I start my analysis of how to exercise my discretion with an amended USSG range that is based on the changes wrought by the Fair Sentencing Act and the other retroactive USSG changes that have occurred since that defendant was sentenced. Regardless, I am still free to consider the issues raised in [defendant's] motion because the Eighth Circuit Court of Appeals has stated that a "district court has wide latitude" in weighing the § 3553(a) factors and otherwise determining how to exercise its discretion under the FSA. *United States v. Harris*, 960 F.3d 1103, 1107 (8th Cir. 2020); *see also United States v. Davis*, 834 F. App'x 296, 297 (8th Cir. 2021) (unpublished). That latitude includes considering how subsequent legal changes would impact a defendant, and what sentence reduction would avoid unwarranted disparities, while providing just punishment and deterring criminal conduct.

*United States v. Weaver*, CR06-4014-LTS, Doc. 534 at 8 (N.D. April 9, 2021) (footnotes omitted). The Supreme Court's recent holding in *Concepcion* further buttresses this wide latitude in weighing the § 3553(a) factors. *Concepcion,* 597 U.S. at 501.

***1. Probation's Memo***

Before addressing the parties' arguments, I will discuss additional changes noted by United States Probation regarding Beane's sentence. While these findings did not impact the USSG range, they are relevant to the issue of whether I should exercise my discretion to grant Beane a sentence reduction.

First, the Possession with Intent Conviction, described in paragraph 41 of the PSIR no longer qualifies as a "serious drug felony" under 21 U.S.C. § 851 because Beane did not serve a term of imprisonment of more than 12 months. 21 U.S.C. § 802(57); PSIR, Doc. 49 at 13 ¶ 41. In addition, the Eighth Circuit has held that the Illinois definition of "cocaine" is categorically overly broad compared to the federal definition of "cocaine." *United States v. Oliver,* 987 F.3d 794, 807 (8th Cir. 2021) (quoting *United States v.*

*Ruth,* 966 F.3d 642, 645-47 (7th Cir. 2020)). Thus, if Beane was sentenced for the first time today, he would not be subject to a § 851 enhancement.

Second, at the time of Beane's sentencing hearing, the Possession with Intent Conviction should not have been treated as a career offender predicate offense. For a prior conviction to qualify as a career offender predicate, the sentence for that offense must "count[] separately under the provisions of [USSG] § 4A1.1(a), (b), or (c)." USSG § 4B1.2(c). Under USSG § 4A1.1(b) and (c), "[c]ertain prior sentences are not counted or count only under certain conditions." USSG § 4A1.1(b), (c). The Guidelines explain that for prior sentences of imprisonment of at least 60 days not counted in §4A1.1(a),[2] "[a]n adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if confinement resulting from such sentence extended into the five-year period preceding the defendant's commencement of the instant offense." USSG § 4A1.1(b); USSG § 4A1.2(d); USSG § 4A1.2(e)(4). For prior sentences not counted under §4A1.1(a) or (b), "[a]n adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if confinement resulting from such sentence extended into the five-year period preceding the defendant's commencement of the instant offense." USSG § 4A1.1(c); USSG § 4A1.2(d); USSG § 4A1.2(e)(4).

With regard to the Possession with Intent Conviction, the offense conduct that led to Beane's conviction occurred when he was 17 years old. PSIR, Doc. 49 at 13 ¶ 41. Beane was sentenced to six months in jail on April 17, 2001. *Id.* As such, the latest date on which he could have been released from confinement was October 17, 2001. The offense conduct in this case began in February 2008, more than six years after Beane's last possible date of confinement for the Possession with Intent Conviction. *Id.* at 3 ¶ 2.

[2] §4A1.1(a) applies to prior sentences of imprisonment exceeding one year and one month. Beane's sentence of imprisonment for his "Possession with Intent to Deliver" conviction was six months. PSIR, Doc. 49 at 14 ¶ 41.

Because Beane's confinement for an offense that occurred before his 18th birthday ended more than five years before his offense conduct in this case, the Possession with Intent Conviction should not have been assessed with criminal history points and therefore should not have been treated as a career offender predicate. Because Beane had only one other career offender predicate, he should not have been sentenced as a career offender in 2008 and would not be a career offender if he was sentenced for the first time today. USSG § 4B1.2(c).

If sentenced without the career offender enhancement,[3] Beane's total offense level would be 33 and he would be a criminal history category of III based on five criminal history points.[4] As such, his amended USSG range would be 168 to 210 months. Moreover, he would be entitled to consideration for a downward various based on the guidelines' disparate treatment of crack and powder cocaine. As I have previously stated:

> I agree with those courts that have rejected the disparate treatment of crack and powder cocaine and therefore express my categorical disagreement with the crack cocaine (or cocaine base) guidelines. In applying this disagreement, I will utilize the same procedures I described in *United States v. Harry*, 313 F. Supp. 3d 969, 974 (N.D. Iowa 2018), in which I expressed a categorical policy disagreement with the USSG's 10:1 ratio between actual (or ice) methamphetamine and methamphetamine mixture. Thus, in any case involving quantities of crack cocaine, I will first make standard guideline findings using the crack cocaine guidelines. Then, by way of

[3] In previous cases, I have declined to make a finding as to whether a defendant would be a career offender under current law. *See United States v. Weaver*, CR06-4014-LTS, Doc. 534 at 8 (N.D. April 9, 2021) (footnotes omitted). In this case, I am calculating an amended, non-career offender, guideline range for Beane because he should not have been sentenced as a career offender in 2008.

[4] In Beane's brief (Doc. 103-1) in support of his motion for FSA relief, and his supplemental brief (Doc. 113), he calculates a criminal history category of IV based on seven criminal history points. Doc. 103-1 at 7; Doc. 113 at 2. In making this calculation, Beane subtracted two criminal history points because the recency points in USSG § 4A1.1(e) were eliminated in 2010. *Id.* In addition to subtracting the same two recency points as Beane, I am also subtracting two points for the 2001 Cook County conviction that should not have scored any criminal history points. This results in a criminal history category of III based on five criminal history points.

> variance, I will calculate an alternative base offense level, applying a 1:1 ratio such that any quantity of crack cocaine will be treated as the same quantity of powder cocaine. I will then apply any applicable increases or decreases to that base offense level (*e.g.*, aggravating or mitigating role and acceptance of responsibility) to arrive at an alternative total offense level. I will use this alternative total offense level, in combination with the defendant's criminal history category, to calculate the adjusted guidelines range.

*United States v. Lee,* 468 F. Supp. 3d 1103, 1108-09 (N.D. Iowa 2020). Applying this policy to Beane's case, his adjusted total offense level would be reduced to 27. With a criminal history category of III, his USSG range would be 100 to 125 months in the absence of any mandatory minimum sentence. However, because Count 1 carries a minimum sentence of 10 years in prison, the range would be 120 to 125 months.

### *2. The Parties' Arguments*

Beane argues that the First Step Act modified 21 U.S.C. §§ 841(b)(1)(A) and (B) such that the Possession with Intent Conviction no longer qualifies for a § 851 enhancement, as he did not serve more than a year in custody for that offense. Doc. 103-1 at 6 (citing First Step Act of 2018, Pub. L. No. 115-391, §401, 132 Stat. 5194, 5220). Beane acknowledges that Congress explicitly provided that § 401 is not retroactive but argues that I should still consider that he would not be subject to the § 851 enhancement if he was sentenced today. *Id*. Beane further argues that I should apply the 1:1 crack to powder cocaine ratio that I used in *Lee*, which (as noted above) would lead to an even lower guideline range. *Id.* at 8.

Beane also points out that the sentencing court was openly ambivalent about the sentence it imposed and suggests that the court would have varied further downward had it not been concerned about the sentence being overturned on appeal.[5] *Id.* at 3. Finally,

[5] At sentencing, the court stated:

Beane argues that he had a difficult upbringing and has shown significant rehabilitation while incarcerated. *Id.* at 11-12.

The Government makes several arguments against a sentence reduction. First, the Government argues Beane already benefited from a significant (60 month) downward variance at his original sentencing. Doc. 105 at 8. Second, the Government argues that Beane had a significant criminal history in a short period of time. *Id.* The Government further notes that Beane declined the Residential Drug Abuse Treatment Program (RDAP) and has had several disciplinary violations during his incarceration. *Id.* at 8-9. The Government also disagrees with Beane's contention that the court would have granted a greater sentence reduction today. *Id.* It correctly points out that § 401's amendments to the definition of "serious drug felony" and "felony drug offense" are not retroactive. *Id.* Finally, the Government argues that Beane has already had objections to his § 851 enhancement overruled and that the PSIR provides sufficient basis, even today, for the Possession with Intent Conviction to be considered both a "serious drug offense" and a career offender predicate. *Id.* at 9.

---

> The Court must under 3553(a) also look at the need to avoid unwarranted sentence disparities among defendants with other records. And as argued by Mr. Smart, he's not really a kingpin, but he's getting sentenced like he's a kingpin. So the Court believes there's quite a bit of space for a downward variance, and the Court has heard what Mr. Smart said about going down to 240 months. I don't think that would stand up, and I think that the Government would appeal it, and I think that it would just be a year from now and Mr. Beane would find out that he had to come back for longer sentence and so forth. So while that may be tempting, it is not appropriate the Court doesn't feel. So what I'm going to do is sentence him to 300 months. That's 60 months or five years less than the guideline.

Doc. 57 at 145.

### *3. Analysis*

As noted above, Beane's USSG range would be 168 to 210 months if he was being sentenced today. After applying a downward various based on the policy disagreement set forth in *Lee*, the range would be 120 to 125 months. As noted above, Beane has served over 191 months of his original sentence. After considering the parties' arguments, the case history, and the 18 U.S.C. §3553(a) factors,[6] I find it appropriate to reduce Beane's sentence to time served on both counts, followed by eight years of supervised release.[7]

In arriving at this conclusion, I have considered Beane's argument that if he were sentenced today, the 2001 Cook County conviction would no longer qualify for a § 851 enhancement. While the Government is correct that neither § 401 of the FSA, nor the amended definitions of "serious drug offense" or "felony drug offense," are retroactive, I have found in other contexts that such statutory changes are relevant. *See, e.g., United States v. Smith*, 464 F. Supp. 3d 1009, 1025 (N.D. Iowa 2020) (in which I considered the § 3553(a) factors in the context of a request for compassionate release and gave weight to the fact that the defendant would only have one § 851 predicate offense if sentenced under current law); *United States v. Campbell*, No. CR03-4020-LTS, 2020 WL 3491569, at *10 (N.D. Iowa June 26, 2020) (in recommending a defendant be released to home confinement pursuant to the CARES Act, I observed that his prior offenses no longer meet the definition of a "serious drug offense" under § 851).

Similarly, as noted above, at least one of the convictions used to classify Beane as a career offender would no longer qualify if Beane was sentenced today. *See Concepcion,*

---

[6] The FSA does not mandate the court to consider the § 3553(a) factors, however, many courts have chosen to consider the factors in determining whether a reduction is appropriate. *See United States v. Shepard*, 46 F.4th 752, 757 (8th Cir. 2022).

[7] Both parties suggest that an eight-year term of supervised release, which is the minimum term for Count 1, is appropriate. Doc. 103-1 at 14; Doc. 105 at 10; Doc. 106 at 4. I agree.

597 U.S. at 500 ("[T]he First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."); *see also United States v. Gashe*, No. CR07-4033-LTS, 2020 WL 6276140, at *4, n. 3 (N.D. Iowa Oct. 26, 2020) (stating that subsequent changes to the law are not, by themselves, extraordinary and compelling circumstances for purposes of compassionate release, changes that in the law, such as whether a defendant should still be considered a career offender, can be considered when weighing the § 3553(a) factors);[8] *see also United States v. Hicks,* No. CR07-4039-LTS at 8 (N.D. Iowa Apr. 16, 2021) (considering subsequent changes in the law in granting a First Step Act reduction). Even more compelling is the fact that this conviction should not have been used to qualify Beane as a career offender at his original sentencing in 2008.

While I agree with the Government that Beane has a serious criminal history, his prior offenses occurred when he was very young. Beane had a difficult upbringing and developed substance abuse problems at an early age. Doc. 103-1 at 9. The offense conduct in this case did not involve violence or firearms. While incarcerated, Beane has taken advantage of rehabilitative opportunities. He has completed drug education programs, earned his GED, completed over 27 college credits, taught fitness classes to other prisoners and worked as a psychology unit orderly. *Id.* at 11-12. Beane has incurred several BOP violations, but none involved violent conduct. *Id.* at 12.

As noted above, Beane has now been incarcerated for over 191 months. This falls within the middle of Beane's amended USSG range and far exceeds the top of the range that would result from application of the downward variance described in *Lee*. I find that

[8] The USSG compassionate release guidelines have recently been amended to explicitly allow courts to consider that an unusually long sentence may be an extraordinary and compelling reason warranting a sentence reduction if there is a gross disparity between the sentence that would be imposed under present guidelines due to changes in the law and the sentence the defendant is currently serving, if the defendant has already served ten years of their original sentence. USSG § 1B1.13(b)(6)

an amended sentence of time served sufficiently balances Beane's history and characteristics, the seriousness of the offense, the need to deter criminal conduct and to protect the public from further crimes.

## *IV. CONCLUSION*

For the reasons set forth herein:

1. Beane's motion (Doc. 103) for a sentence reduction is **granted** and his sentence is hereby **reduced** to time served on both Count 1 and Count 2, to be served concurrently, followed by an eight-year term of supervised release on both counts, also to run concurrently.
2. Implementation of this order is **stayed** for 21 days to provide time for the Bureau of Prisons and the United States Probation Office to prepare for Beane's release.
2. All other provisions of the original sentence and judgment (Docs. 54, 57) remain in effect except as modified herein.
3. Beane's pro se motions (Docs. 83 and 87) are **denied** as moot.
4. The Clerk's office is directed to send a copy of this order to United States Probation and the BOP facility where defendant is incarcerated.

**IT IS SO ORDERED** this 26th day of February, 2024.

Leonard T. Strand
United States District Judge